UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

            CASE NO. 01-80583
   Plaintiff,            HON. LAWRENCE P. ZATKOFF

v.

VANESSA PHILLIPS

   Defendant.
_____/

## OPINION SENTENCING DEFENDANT

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 17, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

Defendant previously pled guilty in this Court to violations of 18 U.S.C. § 371 (conspiracy), 18 U.S.C. § 1344 (bank fraud), and 18 U.S.C. § 922 (felon in possession of a firearm). Defendant was sentenced to twenty months imprisonment, with a three year period of supervised release. This matter is now before the Court on Defendant's guilty plea to a supervised release violation. For the reasons set forth below, Defendant is sentenced to thirty (30) months imprisonment, to be served consecutively to her state sentence.

### II. ANALYSIS

When sentencing a defendant, the Court must consider the relevant factors from 18 U.S.C. § 3553, and articulate the reasons for its sentencing decision. *United States v. McBride,* 434 F.3d 470, 476 (6th Cir. 2006). The Court will now analyze the relevant factors as they relate to

Defendant.

1.      **The Nature and Circumstances of the Offense**

On January 13, 2006, Defendant pled guilty to the state felony charge of Delivery of a Credit Card. Defendant obtained the social security number of a victim in order to fraudulently gain access to the victim's Marshall Field's credit card account. This is the same type of conduct as the underlying offense for which Defendant was originally sentenced in this Court. The Sixth Circuit has held that a supervised release violation that constitutes the same type of conduct as the underlying offense can justify imposing an above-guideline sentence. *See United States v. Kirby*, 418 F.3d 621 (6th Cir. 2005).

2.      **The History and Characteristics of the Defendant**

In 1994 Defendant pled guilty to a crime involving credit card fraud and identity theft. Defendant was sentenced to 36 months probation, and 270 days home confinement. In 1999 Defendant again pled guilty to a crime involving credit card fraud, and received two years probation. In the underlying case, Defendant received a sentence reduction from 36 months to 20 months. Defendant has been given several "second chances" by the courts, and has continually abused the trust the courts have placed in her.

3.      **The Seriousness of the Offense**

Credit card fraud and identity theft are extremely serious crimes. In 2004, nearly 250,000 people had their identities stolen. Sean Kelly, *Drug Users Bank on You*, DENVER POST, May 30, 2005. Identity theft is a nightmare for the victim; it takes the average victim six months and $6,000 to clear up their credit history. *Id.* However, the time and cost involved can be far greater. In 2005, the total cost of identity theft was 56.6 billion. Steve Alexander, *Companies Paying More Attention*

*to Data Security*, FORT WORTH STAR-TELGRAM, July 9, 2006.

**4.      Promote Respect for the Law**

On two previous occasions Defendant was shown leniency by the courts, yet continues to break the law by engaging in substantially similar criminal conduct. The Court notes that in Defendant's first offense in the early 90s, Defendant obtained twelve credit cards and caused a loss of $20,200. In the instant underlying offense, Defendant was a ringleader in an identify theft case with fourteen co-defendants, and was held accountable for a loss amount of $363,987.27. The previous leniency Defendant has received from the courts appears not to have created respect for the law, but rather emboldened Defendant to engage in more serious criminal enterprises.

**5.      Afford Adequate Deterrence to Criminal Conduct**

Defendant's previous sentences obviously were insufficient to afford adequate deterrence. An above-guideline sentence is necessary in this case to impress upon Defendant that her criminal conduct will not be tolerated by society.

**6.      Protect the Public From Further Crimes of the Defendant**

As discussed above, identity theft and credit card fraud impose enormous costs on society, and Defendant has repeatedly engaged in this conduct. An above-guideline sentence is necessary to protect the public from further crimes of Defendant.

**7.      Guideline Range**

The guideline range for the instant offense is six to twelve months. However, for the reasons stated above and below, the Court finds an above-guideline sentence is necessary in this case.

**8.      Policy Statements Issued by the Sentencing Commission**

Application note four of sentencing guideline 7B1.4 states that: "Where the original sentence

was the result of a downward departure (e.g., as a reward for substantial assistance), or a charge reduction that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted." The guideline range for Defendant's underlying offense was 30-37 months. Defendant's sentence was reduced to 20 months because of substantial assistance. The facts of this case warrant an upward departure.

**9.     Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records  Who Have Been Found Guilty of Similar Conduct**

A codefendant in the underlying case, Walter Nelson, was originally sentenced to 87 months. The sentence was recently amended to 66 months. In his re-sentencing memorandum, Mr. Nelson noted that he had been introduced to the conspiracy by Defendant, and argued that Defendant's role in the conspiracy was more significant than his. Defendant, however, received a far more lenient sentence, 20 months, due in part to her assistance with the Government. However, by again engaging in the same pattern of behavior, Defendant has abused the trust the Government and this Court placed in her.

### III. CONCLUSION

For all the above reasons, the Court finds that an above-guideline sentence is necessary in this case. The Court sentences Defendant to thirty (30) months imprisonment, to be served consecutively to Defendant's state sentence.

IT IS SO ORDERED.


        s/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: August 17, 2006

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 17, 2006.


        s/Marie E. Verlinde
        Case Manager
        (810) 984-3290